COHEN, ENDEL CLOTHING CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 31727.  Promulgated June 30, 1930.

*Martin Podoll, C. P. A.*, for the petitioner.
*C. H. Curl, Esq.*, for the respondent.

OPINION.

SEAWELL: The law applicable in this case is section 212 (b) of the Revenue Act of 1921, which provides in part as follows:

The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; * * *

The evidence indicates that petitioner's books were actually closed as of November 30, 1923, and there is no evidence of the closing of the books at any other date during the 1923 calendar year, though an *estimated inventory* was taken at the close of such calendar year. The evidence also shows that the tax returns were made on the fiscal year basis for 1924 and 1925—the fiscal year running from December 1 to November 30.

In our opinion, petitioner had no right to make its 1923 return on a *calendar* year basis while keeping its books on a *fiscal* year basis, as the evidence shows it did. *Ellen Mallen*, 2 B. T. A. 800; *Herman W. Mallen*, 2 B. T. A. 801.

The fact that petitioner in its next return (1924) reported on the same fiscal year basis, December 1, 1923, to November 30, 1924, is rather an indication that it recognized that it was really operating on a fiscal year basis. It is shown by the evidence that no permission to make any change in its method of keeping its books and making its return was asked of the Commissioner.

The case of the *Marlboro Fertilizer Co.*, 3 B. T. A. 82, cited and relied on by petitioner, is not similar in its facts to the instant case. In that case the taxpayer not only rendered its returns on a calendar year basis, but also kept its books on that basis.

We find no error in the instant case in the determination of the Commissioner.

*Judgment will be entered for the respondent.*